

ORIGINAL

JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 18 2007

at __ o'clock and __ __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV07-00335 HG LEK

| | |
|---|---|
| KENNETH BALBIRONA and ANALYN BALBIRONA, | CIVIL NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A - C"; SUMMONS; |
| vs. | |
| PEOPLE'S CHOICE HOME LOAN, INC. | |
| Defendant. | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs, by and through their undersigned attorney and allege as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601, et seq., to rescind, recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapter 480 of the Hawaii Revised Statutes. Jurisdiction of the state claim is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of the State of Hawaii.

4. Defendant is a foreign corporation doing business in the State of Hawaii.

## FACTS

5. Within the year prior to the filing of this action, Defendant, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

6. On or about July 1, 2005, Plaintiffs entered into a loan transaction with Defendant. A true copy of the disclosure statement given to Plaintiff in connection with that loan is attached hereto as Exhibit "A".

7. A true copy of the Notice of Right to Cancel given to Plaintiffs for that loan is attached hereto as Exhibit "B".

8. The above debt was incurred primarily for personal, family, or household purposes.

9. The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

10. Upon information and belief, Defendant is the present holder of the above described note and mortgage.

11. On May 10, 2007, Plaintiffs, through their counsel, via certified mail, sent Defendant a letter which stated that Plaintiffs were rescinding the above described loan. A true copy of that letter is attached hereto as Exhibit "C".

12. Defendant received that letter on May 14, 2007.

13. Defendant did not respond to that letter, nor did it take any steps to rescind the above loan transaction.

14. Plaintiff again rescinds the above-described loan, and all other transactions he had or has with Defendant.

15. Plaintiffs will be irretrievably harmed if Defendant continues to refuse to rescind the loan and proceeds with collection of the loan and/or foreclosure upon their home.

## COUNT I

16. Plaintiffs reallege and incorporate paragraphs 1 through 15 of this Complaint.

17. Defendant has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

    (a)   the Annual Percentage Rate,

    (b)   the Finance Charge,

    (c)   the Amount Financed,

    (d)   the Total of Payments and Payment Schedule,

    (e)   the Security Interest,

    (f)   the Notice of Right To Rescind, and

    (g)   by failing to honor Plaintiffs' rescission letter and request to rescind the loan transaction.

18. Plaintiffs have suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendant's actions as described above.

## COUNT II

19. Plaintiff realleges and incorporates paragraphs 1 through 18 of this Complaint.

20. Defendant has violated Chapter and 480 of the Hawaii Revised Statutes as alleged above.

21. Defendant's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

22. The false representations as to the terms of the loan, the failure to give documents timely, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

23. Defendant's giving to Plaintiffs an improper Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

24. Defendant's refusal to honor Plaintiff's rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

25. Plaintiffs have suffered injury to their property in an amount to be proved at trial by reason of Defendant's violations.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I

1. Award Plaintiffs their actual damages as will be proved at trial.

2. Enjoin Defendant from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order

Defendants immediately to return to Plaintiffs all finance charges paid pursuant to that credit transaction, and direct that Plaintiffs have no further obligation of payment to Defendant, its servicer or its agents.

4. Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5. Order Defendant to delete any adverse information regarding Plaintiffs that it has reported to any consumer (credit) reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

### AS TO COUNT II

6. Award Plaintiffs damages in the amount of three times the injury to their property, but not less than $1,000.00 each;

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and direct that Plaintiffs have no further obligation of payment to Defendant.

9. Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10. Order Defendant to delete any adverse information regarding Plaintiffs that it has reported to any consumer (credit)

reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO ALL COUNTS

11. Declare Defendant's security interest in the subject property void, and enjoin Defendant from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

12. Award Plaintiffs their reasonable attorneys' fees and costs of Court.

13. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, June 18, 2007.

_____
JOHN HARRIS PAER
Attorney for Plaintiffs